EPHRAIM K. AVERY *vs.* HENRY STEWART & others.

The proceedings of a town, in the laying out of a highway, though irregular and inadmissible to prove a laying out, may nevertheless be admitted as evidence, to show the commencement of the way, in order to rebut a presumption of a dedication; or as a ground for the presumption of a grant, or a confirmation of the way as actually used, by the owner of the land; or to enable the jury to determine, whether the way is a public or a town way.

Under an article in a warrant for a town meeting, "to see if the town will lay out, alter, or discontinue, or otherwise dispose of, any town way," it is competent for the town to vote to lay out, or to discontinue, or to alter, any town way whatever.

In a vote to discontinue a town way, a description of it, as "leading from W. G.'s to the pond," is sufficient.

THIS was an action of trespass to land, tried before *Forbes*, J., in the court of common pleas. The defendants pleaded the general issue, and specified in defence, that the close described in the plaintiff's writ was and for many years had been a public highway, 1st, by a regular laying out as a town road by the town of Richmond; 2d, by dedication; and, 3d, by the immemorial usage of the inhabitants of Richmond and others; that it was a way for the use of the inhabitants of the neighborhood, established by dedication and immemorial usage; that it was a way by prescription for the said inhabitants; and that the defendants had occasion to use the same as such highway.

The plaintiff having given evidence of the acts of trespass complained of, the defendants then introduced evidence tending to prove a dedication of the way in question, and a usage for the inhabitants of Richmond and the public generally to pass over the same, since the year 1799.

In order to rebut this defence, the plaintiff introduced evidence as follows.

It appeared, from the records of the town of Richmond, that a town meeting was called therein, by a warrant dated the 5th of March, 1799, the eighth article of which was, "To see if the town will make any alteration in highways, or do any thing relative to disposing of any;" that, at an adjournment of the meeting held under this warrant, in April, 1799, the following vote was passed:

"Voted to accept the following report of an alteration of a road leading to the pond, viz: 'The selectmen of the town of Richmond, having examined the allowance for a highway lying on the east side of Ebenezer Hotchkin's lot, which was formerly owned by Ephraim Welch, and leading to the pond, beg leave to report: That, in their opinion, the road may be

42 *

shifted to the west line of said lot to advantage, to begin at the corner of said lot near Amos Delano's barn, and thence running easterly on the southerly shore of said pond, as far east as is necessary, in the opinion of the selectmen, to accommodate the inhabitants with a good and convenient place for washing sheep, said road being two rods wide.' "

At the time of this proceeding, the land, over which the road was thus located (if such was the effect of the vote), was owned by Ebenezer Hotchkin, an inhabitant of Richmond, who was also the owner of land east of and adjoining to that occupied by the way. The road was wholly within the town of Richmond, was about one fourth of a mile in length, and two rods wide, connected at the southerly end with another road, and terminating on the north at the pond. The title of Hotchkin, both to the land covered by the road, and to the land east of the road, had come to and vested in the plaintiff by mesne conveyances.

It appeared from the records of the town of Richmond, that an adjourned meeting of the town was held on the 30th of March, 1840, in pursuance of a warrant, which contained an article : " To see if the town will lay out, alter, or discontinue or otherwise dispose of any town way ; " and that under this article, the town voted " to discontinue the road leading from William Gates's to the pond." The road thus discontinued was alleged to be the same which was the subject of the proceedings of the town in 1799.

The defendant objected to the introduction of the evidence derived from the records, to prove the laying out of the road in 1799, on the ground, that it was not admissible for any purpose. He objected also to the evidence from the records to prove the discontinuance of the road in 1840, first, because towns have no power to discontinue any other highways than the town ways legally established by them ; second, because the article in the warrant was too general and indefinite, to authorize the vote which was passed under it ; and third, because the vote of the town was not sufficiently definite in its description of the road proposed to be discontinued

The plaintiff contended, that the proceedings of the town in 1799, together with the subsequent use of the way, established it as a legal town way, which might be and was legally discontinued by the proceedings in 1840.

The defendants requested the judge to instruct the jury, that if they should be satisfied that the way in question had been used by the public generally, and by people coming from different parts of the commonwealth, for more than twenty years prior to any obstructions by the plaintiff, then it was a public highway, which the town had no right to discontinue.

The presiding judge declined so to instruct the jury, but instructed them, that if the way in question were a town or private way within the town of Richmond, it was discontinued by the proceedings of the town in 1840; that the question for them to decide was, whether the road in controversy were a public highway, or a town way, and if it were the former, that the proceedings of the town in discontinuing it could have no effect upon the rights of the public; that there was no record evidence of the laying out of a public highway; that if the way had been dedicated to the public use, and accepted and used by the public, it was to be considered as a public highway; that if granted to the use of the town, and accepted and used by the town, as a town way, that would be its legal character, and it would be subject to the control of the town ; that though the proceedings of the town in 1799 were irregular and invalid, and could not originally have had any binding force upon the owner of the land, or the town, yet that if these proceedings were the origin of the way, and were acquiesced in and assented to by the land owner, and by the town, and if the way were opened and continued in pursuance thereof, the jury would be at liberty to infer that the way was a town way, and to find a verdict accordingly for the plaintiff.

The jury thereupon returned a verdict for the plaintiff, and the defendants filed exceptions.

*J. D. Colt,* for the defendants, argued, that the proceed-

ings of 1840 were insufficient to discontinue the way in question :

1. The subject matter to be acted upon at the meeting, namely, the discontinuance of a particular highway, was not expressed in the warrant. The article was so general, that it gave the town no notice of what was proposed to be done and was in fact done under it. *Torrey* v. *Millbury,* 21 Pick. 64.

2. The vote of the town to discontinue did not designate, with the requisite certainty, the road in question.

3. The road, never having been legally laid out, was not a public highway; nor, unless a town road can be established by dedication, was it a town way. But town ways cannot be thus established. *Comm'th* v. *Newbury,* 2 Pick. 51; *Hinckley* v. *Hastings,* 2 Pick. 162; *Comm'th* v. *Low,* 3 Pick. 408; *Stedman* v. *Southbridge,* 17 Pick. 162; *Hobbs* v. *Lowell,* 19 Pick. 405 (Opinion of Morton, J., dissenting); *Valentine* v. *Boston,* 22 Pick. 75; *Larned* v. *Larned,* 11 Met. 421. If established by dedication, it must have been as a public highway, and therefore not within the power of the town to discontinue.

4. If a town way may be established by dedication, the evidence in the present case was insufficient for that purpose. Two things are requisite, an act of dedication, on the part of the owner of the land, and an acceptance, on the part of the public. 2 Greenl. Ev. § 662. But neither of these facts could be inferred from the proceedings of 1799, which were, in their character, adverse to a dedication.

*H. Byington & G. J. Tucker,* for the plaintiff, contended, 1st, that upon the authority of the cases cited for the defendant, a town way, as well as a public highway, might be established by dedication; and, 2d, that the article, in the warrant for calling the meeting in 1840, was sufficient, within the decision in *Blackburn* v. *Walpole,* 9 Pick. 97.

*H. W. Bishop* replied.

WILDE, J. This is an action of trespass *quare clausum fregit,* and the defendants justify the alleged trespass, on

several grounds. In the first place, it was contended, that the *locus* was a public highway; and evidence was offered tending to prove a dedication of the same, and a usage of the inhabitants of Richmond, and the public generally, to pass over said road since the year 1799.

To rebut this evidence, the plaintiff introduced the records of the town of Richmond, to prove a laying out of the way in question in 1799, and that afterwards, in 1840, the same way was discontinued by the said town. To the introduction of this evidence, the defendants' counsel objected; but the objection was overruled, and the evidence was admitted; and we cannot doubt that this evidence was admissible, although it might appear that the laying out of the way was not strictly regular and definite as to its location; for it was stringent if not conclusive evidence to prove the commencement of the way, and to rebut the presumption of a dedication of a public highway. It is also good evidence to authorize a presumption of a grant, or a confirmation of the way as actually used by the owners of the land.

There is no doubt, that the inhabitants of a town, in their corporate capacity, are capable of taking an easement, or other incorporeal hereditament, and that they may become seized of a right of way, by grant, prescription, or reservation. So the doctrine was laid down, and we think correctly, by Morton, J., in the case of the *Comm'th* v. *Low*, 3 Pick. 412. It may be difficult to decide, whether the long user of a way, by the inhabitants of a town, and by others, would authorize the presumption of its being a public highway, or a town way, when there is no evidence of the laying out of the way. That was the difficulty in the case of the *Comm'th* v. *Newbury*, 2 Pick. 51. But, in the present case, that difficulty is removed by the records of the town, proving that the way was laid out as a town way. Certainly the evidence admitted was competent and pertinent evidence for the consideration of the jury, in determining the question, whether the way was a public or town way.

The next question is, whether this way has been legally

discontinued. The objection is, that the warrant, calling the meeting for that purpose, did not give sufficient notice of the proposed action of the town upon the road in question. The eighth article of the warrant was as follows: " To see if the town will lay out, alter, or discontinue, or otherwise dispose of, any town way." This, we think, was sufficient notice to advertise the inhabitants of the town, that they would be called upon to act on the subject of laying out or discontinuing or altering any town way; and that it was not necessary to give any more particular notice. In the case of *Blackburn* v. *Walpole,* 9 Pick. 97, it was decided, that, in order to render valid a vote of a town granting money for a particular object, it is not necessary that the warrant for the calling of the meeting should state specifically that the inhabitants will be called to act on the question of granting money for that purpose, if the subject to be acted on is one which will be likely to require a grant of money. This point, we think, was rightly decided, and it is a strong decision in favor of the sufficiency of the notice in the present case.

It was also objected, that the vote of the town, upon this article of the warrant, was not sufficiently definite, in the description of the road attempted to be discontinued. The vote was, to discontinue the road leading from William Gates's to the pond ; and it was competent for the plaintiff to prove where William Gates resided, and thus to establish the identity of the road. And it must be presumed, that such evidence was given, to the satisfaction of the jury, nothing appearing in the report of the case to the contrary.

On the evidence reported, the court was requested, by the counsel for the defendants, to instruct the jury, that if they were satisfied, that the way in question had been used by the public generally, by people coming from different parts of the commonwealth, for more than twenty years, then it was a public highway, which the town had no right to discontinue. The court declined so to instruct the jury ; and we are of opinion, that any such instruction would have been erroneous. Persons from other towns have a right to use a town way, as

well as a public highway. The court therefore very properly left it to the jury to decide, on the whole evidence, whether the way in question were a public or a town way. That was a question of fact for the jury to decide ; and we find nothing erroneous in the instructions.

*Exceptions overruled.*